THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **OLGA LUGO-DE JESUS,**<br>      Plaintiff,<br><br>      v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br>      Defendant. | **Civil No. 19-1361 (ADC)** |

<u>**OPINION AND ORDER**</u>

Plaintiff filed the instant action on April 16, 2019. **ECF Nos. 1, 2**. Since then, however, plaintiff has failed to prosecute her case.

First, the Court granted plaintiff until August 20, 2022 to inform whether she consented to trial jurisdiction of a Magistrate Judge to preside over the case. **ECF No. 8**. Plaintiff never responded.

Thereafter, the Court entered an Order informing plaintiff that several important sections of her complaint were in the Spanish language. Specifically, the Court explained

> page 3 of the complaint ECF No. 2 (which is supposed to include the "statement of claim" is in the Spanish language. All filings before this Court must be in the English language. Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language. " *See* Local Civ. R. 5; *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir. 2008). Accordingly, plaintiff is granted 14 days to refile page 3 of the complaint at ECF No. 2, in the English language or to provide a certified translation. Failure to comply may entail sanctions including dismissal of the case. Certified translations of English language documents due by 9/7/2022. Plaintiff is encouraged to review this District Court's CIVIL PRO SE

>LITIGANT GUIDEBOOK available both in the English and Spanish language at https://www.prd.uscourts.gov/pro-se-forms

**ECF No. 9**. The Court granted plaintiff until September 7, 2022, to comply and explained that failure to comply may entail dismissal of the action. Plaintiff never responded to the Order or otherwise moved for an extension of time to comply.

In an abundance of caution and because the action was filed *pro se*, the Court once again explained to plaintiff that it could not entertain the claims in the complaint because they were in the Spanish language. Accordingly, the Court *sua sponte* granted plaintiff a final extension of time to submit the filings in the English language or to submit translation pursuant to this District Court's Local Civil Rule 5. The Court granted plaintiff 10 days to comply. **ECF No. 9**. To this date, however, plaintiff has failed to comply or otherwise prosecute her case.

Thus, at this stage, plaintiff's complaint is in the Spanish language. **ECF No. 2**. Plaintiff was specifically warned that failure to comply would entail dismissal of the action on two separate occasions. Plaintiff has not filed a single document in response, for an extension of time to do so or to move the case forward.

Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Local Rule 5 requires that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts." The United

States Court of Appeals for the First Circuit requires strict enforcement of the English language requirement where the untranslated document is key to the outcome of the proceedings. *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir. 2008). Allowing non-English document would be "at odds with the premise of a unified and integrated federal courts system." *Id.* Therefore, district courts should not consider such documents. *González–De–Blasini v. Family Department,* 377 F.3d 81, 89 (1st Cir.2004).

Plaintiff has failed to comply with 48 U.S.C. § 864, as well as L. Civ. R. 5, and this Court's Orders. The Court allotted plaintiff plenty of time to comply with this Court's English language rule and explicitly warned plaintiff of the consequences of failure to comply. Specifically, at **ECF Nos. 9, 11** the Court explained that "failure to comply may entail sanctions including dismissal of the case." *Id*.

Considering all the above, dismissal of the case is warranted under 48 U.S.C. § 864. Moreover, plaintiff has failed to prosecute the case and has failed to comply with his Court's Order. **ECF Nos. 9, 11.**

Accordingly, the case is hereby **DISMISSED WITHOUT PREJUDICE**. All pending motions are **MOOT**. Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th day of September, 2022.

S/AIDA M. DELGADO-COLÓN
**United States District Judge**